IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

TEXASLDPC INC.,

      Plaintiff,

v.

BROADCOM INC., LSI CORPORATION
and AVAGO TECHNOLOGIES U.S., INC.

      Defendants.

Civil Action No. 18-1966-RGA

## MEMORANDUM ORDER

Plaintiff TexasLDPC Inc. brought this action for patent and copyright infringement

against Defendants Broadcom Inc., LSI Corp., and Avago Technologies U.S., Inc. Currently

before me is Defendants' Motion to Dismiss. (D.I. 27). The matter has been fully briefed. (D.I.

28, 31, 33). I heard oral argument on March 11, 2020. The motion is granted with respect to the

copyright claims and Wi-Fi patent claims, but it is otherwise denied.

## I.    **LEGAL STANDARD**

When reviewing a motion to dismiss pursuant to Federal Rule of Civil Procedure

12(b)(6), the Court must accept the complaint's factual allegations as true. *See Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544, 555–56 (2007). Rule 8(a) requires "a short and plain statement of the

claim showing that the pleader is entitled to relief." *Id.* at 555. The factual allegations do not

have to be detailed, but they must provide more than labels, conclusions, or a "formulaic

recitation" of the claim elements. *Id.* ("Factual allegations must be enough to raise a right to

1

relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact).").

Moreover, there must be sufficient factual matter to state a facially plausible claim to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The facial plausibility standard is satisfied when the complaint's factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* ("Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.") (cleaned up).

## II.    DISCUSSION

### A.  Copyright Claims

Plaintiff's copyright claims are based on software code developed by Dr. Kiran Gunnam. According to the amended complaint, Dr. Gunnam was an employee of Texas A&M University in 2007 and 2008 when he developed three computer programs, which all relate to "Low-Density Parity Check" (LDPC) algorithms. (D.I. 9, "Amended Complaint," ¶¶ 32-38). Plaintiff asserts it has an exclusive license to those works, including the right to sue for infringement. (*Id.* ¶ 38).

Defendant LSI hired Dr. Gunnam in 2008. (*Id.* ¶ 46). Plaintiff claims Dr. Gunnam shared parts of his copyrighted LDPC works with LSI, but he warned the company it needed to obtain a license from Texas A&M. (*Id.* ¶¶ 47-48). Plaintiff alleges Madhu Kalluri, an LSI circuit designer, "was directed to rewrite [Gunnam's code], while maintaining the same basic program structure and logic." (*Id.* ¶ 51). This new code, according to the complaint, was at least a derivative work of the original code. (*Id.*). Plaintiff alleges Defendants used Gunnam's code or

2

derivative works of that code in the engineering and design of their products without ever obtaining a license. (*Id.*).

I do not find these allegations are sufficient to state a claim under Rule 12(b)(6). Plaintiff's key factual contention is that Defendants produced programs that have "the same basic program structure and logic" as the asserted copyrights. That, however, is not enough to allege infringement. "It is axiomatic that copyright does not protect ideas, but only expressions of ideas." *Whelan Assocs., Inc. v. Jaslow Dental Lab., Inc.*, 797 F.2d 1222, 1234 (3d Cir. 1986). Thus, not all elements of software code are protectable by copyright. *Id.* at 1239. Plaintiff has failed to identify what "basic program structure and logic" Defendants copied or to provide other facts about the accused software that could support an inference that it infringes copyrightable elements. It is unclear whether Plaintiff is alleging infringement under the "substantial similarity" test, but without more facts about the asserted and accused works, it is impossible to compare their similarity or infer infringement.

*Levey v. Brownstone Inv. Grp., LLC* is instructive here. 590 F. App'x 132 (3d Cir. 2014). In that case, the plaintiff claimed that, after a software license expired, the defendant continued to use software that had "the same capabilities" as the licensed software. *Id.* at 136. The court held "[t]hat is simply not enough to infer that" the defendant was still using the protected software as opposed to some other product. "Nor can we infer substantial similarity from those facts, which, at most, tell us that the two programs share a common purpose or function." *Id.* Like Plaintiff here, the plaintiff in *Levey* did not "provide[] . . . any detail about [the defendant's] software, let alone [the asserted software], in regard to their look and feel, structure, sequence, organization, or other potentially expressive and copyrightable elements." *Id.* at 136-37.

Therefore, the court concluded, "It would be implausible" to find infringement. *Id.* at 137. Similarly here, the allegation that the programs share "basic program structure and logic" is not enough to support a plausible inference of infringement.

## B. Wi-Fi Patent Claims

Plaintiff has failed to adequately state a claim of patent infringement with regard to Defendants' Wi-Fi products. Plaintiff states that Broadcom chipsets support two engineering standards, 802.11ac and 802.11ad, and that those standards incorporate designs from U.S Patent No. 8,341,488 ('488 patent). (Amended Complaint ¶¶ 98-99). According to the complaint, that patent in turn describes architecture which "would, if operated, practice the inventions described" in Plaintiff's asserted patent claims. (*Id.* ¶ 99).

Plaintiff, however, has not provided any facts to explain why practicing the invention of the '488 patent would infringe Plaintiff's asserted patents. Plaintiff has not clearly identified which Broadcom Wi-Fi products it is accusing and has made no effort to compare those products to the asserted claim elements. Such "threadbare recitals of a cause of action's elements, supported by mere conclusory statements" are not enough to survive a motion to dismiss. *Iqbal*, 556 U.S. at 129 (2009). The allegations as to the Wi-Fi products do not meet the minimal requirements of Federal Circuit precedent. *See Disc Disease Solutions, Inc. v. VGH Solutions, Inc.*, 888 F.3d 1256 (Fed. Cir. 2018).

## C. Other Patent Claims

Plaintiff has provided sufficient factual support for its other patent claims to survive Defendants' Rule 12(b)(6) motion. For the accused products other than the Wi-Fi products, Plaintiff provides technical mappings and alleges the products meet each and every element of at

4

least one of the asserted patent claims. (*See* Amended Complaint ¶¶ 105-28, 138-61, 169-91, 199-215, 223-59, 270-93). That is enough to state a claim of patent infringement under the standard set by the Federal Circuit. In *Disc Disease*, the Federal Circuit found a complaint was sufficient because it "specifically identified the three accused products" and alleged that those products met "each and every element of at least one claim" of the asserted patent, "either literally or equivalently." 888 F.3d 1256, 1260 (Fed. Cir. 2018). Plaintiff's technical mapping of representative products here exceeds that standard.

The complaint identifies the accused products (other than the Wi-Fi products) as the Hard Disk Controller Products, SandForce Products, and the Densbits Products. (Amended Complaint ¶ 100). Plaintiff largely identifies these products by describing their features, rather than by naming exact model numbers. That does not prevent its claims from moving forward, however. The Federal Circuit has held that, at the motion to dismiss stage, a plaintiff need not "identify an accused device by name," especially when the "operation of the systems is not ascertainable without discovery." *K-Tech Telecommunications, Inc. v. Time Warner Cable, Inc.*, 714 F.3d 1277, 1286 (Fed. Cir. 2013).

### D. Leave to Amend

"Motions to amend under Rule 15 are typically granted liberally, and a court may deny leave to amend only when (1) the moving party has demonstrated undue delay, bad faith or dilatory motives, (2) the amendment would be futile, or (3) the amendment would prejudice the other party." *Wolfington v. Reconstructive Orthopaedic Assocs. II PC*, 935 F.3d 187, 210 (3d Cir. 2019) (cleaned up).

Because none of those conditions have been shown here, I grant Plaintiff leave to amend its complaint.

**III.    Conclusion**

For the reasons stated, Defendants' motion to dismiss for failure to state a claim (D.I. 27) is GRANTED with respect to the Wi-Fi products and the copyright claims (Counts VII, VIII, and IX of the complaint). The motion is DENIED with respect to all other counts (and with respect to the facial attack on Plaintiff's standing to bring this case, which I ruled on at oral argument). Plaintiff is GRANTED leave to amend its complaint. If Plaintiff does not file a second amended complaint within fourteen days, the case will proceed on what remains of the first amended complaint.

Entered this 18th day of March, 2020.

/s/ Richard G. Andrews___ _
United States District Judge