

Fish & Richardson P.C.
222 Delaware Avenue
17th Floor
P.O. Box 1114
Wilmington, DE 19899-1114

302 652 5070 main
302 652 0607 fax

April 24, 2020

**VIA ELECTRONIC FILING**

**Warren K. Mabey, Jr.**
Principal
mabey@fr.com
302 778 8456  direct

The Honorable Richard G. Andrews
United States District Court
J. Caleb Boggs Federal Building
844 King Street
Wilmington, DE  19801-3555

Re: *TexasLDPC Inc. v. Broadcom Inc. et al.,* C.A. No. 18-1966-RGA

Dear Judge Andrews:

Plaintiff TexasLDPC respectfully submits this letter in response to Defendants' April 23, 2020 letter to the Court (D.I. 44.)  Defendants' letter seeking "guidance" is misguided at best and seems to be an improper attempt to end run Defendants' burden if they do indeed bring a renewed and destined-to-fail challenge to TexasLDPC's standing.  TexasLDPC both has standing and is the proper and only plaintiff necessary for bringing this patent infringement action against Defendants.

Contrary to Defendants' assertion, the questions that Defendants raise in their letter regarding whether TexasLDPC possesses all substantial rights and whether TAMUS should be joined as a plaintiff do not implicate the Court's subject matter jurisdiction.  In *Lone Star Silicon Innovations LLC v. Nanya Tech. Corp.*, which Defendants do not acknowledge, the Federal Circuit flatly refuted the very premise of Defendants' letter: "We therefore firmly bring ourselves into accord with *Lexmark* and our sister circuits by concluding that whether a party possesses all substantial rights in a patent does not implicate standing or subject-matter jurisdiction."  925 F.3d 1225, 1235-36 (Fed. Cir. 2019).  There is thus no meaningful argument that the Court lacks subject matter jurisdiction and Defendants' purported "jurisdictional challenges" are certainly not case-dispositive.

In any event, TexasLDPC does have all substantial rights to bring this suit.  Defendants wrongly characterize TexasLDPC's rights in the asserted patents and notably rely solely on Defendants' own self-serving generalizations of the TexasLDPC's agreements with TAMUS rather than the agreements themselves.  As TexasLDPC explained to Defendants already, none of the cases Defendants cite in their letter support the proposition that TexasLDPC does not have all substantial rights.  Although TexasLDPC's rights are distinguishable from the rights at issue in those cases for numerous dispositive reasons, importantly, TexasLDPC holds the sole and unfettered right to enforce the patents.  The controlling case law, including the cases cited by Defendants, makes clear that exclusive right to sue is particularly dispositive.  Defendants do not cite a single case where a plaintiff having all of the rights held by TexasLDPC, including the exclusive and unfettered right to sue, lacked all substantial rights to bring suit.  Joining TAMUS as a voluntary or involuntary plaintiff is thus unnecessary.



FISH & RICHARDSON

Defendants' letter also foreshadows a serious concern with Defendants' apparent intention in bringing a renewed motion to dismiss the Wifi products and copyright claims.  At the hearing on Defendants' prior motion to dismiss, the Court denied Defendants' motion with respect to the vast majority of claims (*i.e.*, the patent claims against the HDD and SSD products).  The case is thus ready to proceed on those claims.  Following the hearing, TexasLDPC amended its complaint to address the Court's specific concerns with the subset of so-called Wifi products and copyright claims and provided substantial support for those claims.  Given that this case was filed in 2018, that there is no question of the Court's subject matter in view of the *Lone Star* case, and that the vast majority of the case is not subject to a renewed motion to dismiss, TexasLDPC respectfully requests that the Court schedule a Rule 26(f) conference.  Even assuming Defendants file a renewed partial motion to dismiss the subset of Wifi and copyright claims, those discrete issues (which the Court is already familiar with) can easily be addressed in parallel with the preliminary Rule 26(f)-related activities.  Delaying the case further while Defendants file seriatim partial motions to dismiss is inefficient and prejudicial to TexasLDPC.


Sincerely,

Warren K. Mabey Jr.