# Morris, Nichols, Arsht & Tunnell llp

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347

(302) 658-9200
(302) 658-3989 FAX

Jeremy A. Tigan
(302) 351-9106
jtigan@morrisnichols.com

March 8, 2021

The Honorable Stephanos Bibas
U.S. Court of Appeals for the Third Circuit
James A. Byrne United States Courthouse
601 Market Street
Philadelphia, PA 19106

*VIA ELECTRONIC FILING*
**PUBLIC VERSION**
Confidential Version Filed: March 8, 2021
Public Version Filed: March 15, 2021

Re:   *TexasLDPC Inc. v. Broadcom Inc., et al.*,
       C.A. No. 18-1966 (RGA)

Dear Judge Bibas,

Defendants Broadcom, Inc., LSI Corp., and Avago Technologies U.S., Inc. write in response to Plaintiff TexasLDPC's March 4, 2021, letter in the above-captioned matter. For the reasons set forth herein, Defendants respectfully request that the Court first decide their pending motion to dismiss, and then set a status conference to address how best to resolve the threshold – and potentially case dispositive – issue of whether Plaintiff possesses the requisite rights to sue on the asserted patents.

This case concerns a former employee of Defendant LSI, a company that designs and develops semiconductor products used to control magnetic hard disk drives ("HDD") and, for a time in the past, also provided controllers for solid state storage ("SSD") devices. After he allegedly incorporated certain technology into LSI HDD controllers in 2009-10, the former employee left LSI in 2011, formed a licensing company with his spouse (the Plaintiff in this action), negotiated an agreement with Texas A&M University, the owner of the patents and copyrights at issue, and then sued his former employer for infringement of those rights based on use of the very technology he incorporated into the LSI HDD products. Needless to say, the former employee's and his spouse's actions raise a host of equitable and employment-related claims[1] and defenses that Defendants will pursue if the case proceeds.

---

[1] LSI brought an action against the former employee and spouse in state court in California in 2019, alleging, among other things, breach and induced breach of, and intentional interference with, his Employee Invention and Confidential Information Agreement with LSI. The defendants in that action are represented by the same counsel representing Plaintiff in this case, and have failed to provide discovery ordered by the California court, which has significantly delayed that action.

The Honorable Stephanos Bibas
March 8, 2021
Page 2

The pending motion to dismiss in this case addresses TexasLDPC's overreaching in its second amended complaint, and seeks dismissal of the same claims that Judge Andrews already found lacking in the first amended complaint, this time with prejudice. Contrary to Plaintiff's argument, Defendants' motion implicates large swaths of Plaintiff's claims that fail applicable pleading requirements, specifically: i) all claims against a different entity (Broadcom, Inc.) involving unrelated Wi-Fi products that neither the former employee – or anyone else at LSI – played any role in developing; and ii) all copyright infringement claims, for which the statute of limitations ran in 2015. Dismissal of these claims would eliminate one of the named Defendants, and also significantly limit the scope of the accused products, the factual and legal issues in the case, and discovery. Plaintiff failed to note in its letter that it previously requested oral argument on the motion. Defendants are amenable to oral argument should the Court find it helpful. In any event, the Court and the parties should have the benefit of knowing what claims and parties remain in the case before discussing how best to proceed.

TexasLDPC also did not inform the Court that it previously made the same premature request for a scheduling conference to Judge Andrews, which was not acted upon. D.I. 54. In addition, TexasLDPC's assertion that "Defendants have simply refused to engage with TexasLDPC while the partial motion to dismiss remains pending" is inaccurate. Consistent with the foregoing, Defendants responded to Plaintiff's request to conduct a Rule 26(f) conference on December 10, 2020, noting that it is "premature to discuss a case schedule, protective order, or the scope of discovery" in view of Defendants' pending motion.

TexasLDPC did not dispute or even respond to Defendants' December 2020 email, which raised an additional threshold issue that TexasLDPC has failed to address – its ability to assert the patents, particularly given the absence of patent owner Texas A&M as a plaintiff in this case. Although Judge Andrews denied Defendants' 12(b)(1) challenge in their original motion to dismiss, that decision was strictly based on TexasLDPC's pleading, and in no way resolved the threshold issue of whether TexasLDPC has the requisite rights to maintain its claims. At the same time, Judge Andrews ordered TexasLDPC to produce its agreement with Texas A&M, which TexasLDPC had refused to produce before Defendants filed their motion. That agreement makes clear that the patent infringement claims can proceed, if at all, only if Texas A&M is joined as a plaintiff. Defendants raised this issue with TexasLDPC in March 2020, and Texas A&M has still not joined.

The Court of Appeals for the Federal Circuit recently made clear that "whether [plaintiff] meets the[] statutory prerequisites for bringing an infringement claim is a threshold question that both we and the district court must resolve before" addressing the merits of the infringement claim. *Antennasys, Inc. v. Aqyr Technologies, Inc.*, 976 F.3d 1374, 1378-79 (Fed. Cir. 2020). Indeed, it would be a waste of judicial and party resources to proceed with the merits of the case unless and until the Court determines that TexasLDPC meets the statutory requirements for bringing a patent infringement claim, and whether Texas A&M is a required party to such a claim.

The Honorable Stephanos Bibas
March 8, 2021
Page 3

Accordingly, Defendants respectfully request that the Court first resolve Defendants' pending motion to dismiss (D.I. 47), and then schedule a status conference to discuss how best to resolve the threshold issue of TexasLDPC's ability to maintain its infringement claims. In the alternative, and although TexasLDPC does not allege it will be prejudiced by proceeding sequentially, Defendants are amenable to conducting a status conference on this threshold issue in parallel with the Court's consideration of Defendants' pending motion, should the Court wish to proceed in this manner.

Respectfully,

Jeremy A. Tigan (#5239)

JAT/rs
cc:  All Counsel of Record (*by electronic mail*)