IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

TEXASLDPC Inc.,

   *Plaintiff,*

  v.

BROADCOM INC.; LSI CORP.;
AVAGO TECHNOLOGIES U.S. INC.

   *Defendants.*

No. 1:18-cv-1966-SB

---

Gregory R. Booker, Warren K. Mabey Jr., Ronald P. Golden III, FISH & RICHARDSON, P.C., Wilmington, Delaware; Lawrence K. Kolodney, FISH & RICHARDSON, P.C., Boston, Massachusetts; David M. Hoffman, FISH & RICHARDSON, P.C., Austin, Texas.

*Counsel for Plaintiffs.*

Jeremy A. Tigan, MORRIS, NICHOLS, ARSHT & TUNNELL LLP, Wilmington, Delaware; Steven J. Rizzi, Ramy E. Hanna, KING & SPALDING LLP, New York, New York.

*Counsel for Defendants.*

---

**MEMORANDUM OPINION**

March 22, 2021

BIBAS, *Circuit Judge*, sitting by designation.

TexasLDPC has sued Broadcom (and its subsidiaries) for copyright and patent infringement. After the Court dismissed some of its claims (D.I. 39), TexasLDPC tried to fix them in an amended complaint (D.I. 42). Broadcom again moves to dismiss. D.I. 47. But this time, TexasLDPC has alleged just enough to plausibly state its claims. So I will deny the motion.

## I. THE PATENT CLAIMS SURVIVE

TexasLDPC claims to have an exclusive license to some patents owned by Texas A&M University. TexasLDPC suspects that Broadcom sells Wi-Fi products that infringe three of those patents (for a type of "decoder architecture"). Compl., D.I. 42 ¶¶ 25–31, 95–107. It thinks this because some Broadcom Wi-Fi patents cover the same ground as the three Texas A&M ones.

In its brief, Broadcom does not deny that its patents overlap. But it notes that the patent laws do not bar it from *filing* an overlapping patent. To infringe the Texas A&M patents, it would need to build a device that practices them.

That is right: to prove its claims, TexasLDPC will need to show that a specific Broadcom product implements the Texas A&M patents. *See Forest Labs., Inc. v. Abbott Labs.*, 239 F.3d 1305, 1313 (Fed. Cir. 2001). But it need not do so yet. To survive a motion to dismiss, TexasLDPC need only "plead[] factual content that allows the court to draw the reasonable inference" that Broadcom infringed the patents. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

2

It has. Though TexasLDPC does not yet have direct evidence that any Broadcom product implements the overlapping patents, it alleges enough circumstantial evidence to plausibly suggest that one does. Broadcom sells Wi-Fi products (TexasLDPC names a specific one) that use *some* form of decoder architecture. Compl. ¶¶ 104–105. And a Broadcom engineer named on about twenty patents, including the overlapping ones, has hinted that some of his patents may "relate to Broadcom's products." *Id.* ¶ 96.

While this evidence would not be enough for TexasLDPC to get a trial, it is enough to get discovery. If a company patents a way to do a task, then sells a product that does the task, it is *plausible* that the product implements the patent. It is even more plausible when an engineer named on the patent has suggested that the company may practice some of his few patents. Broadcom may be right that it never planned to implement the parts of its patents that overlap with Texas A&M's. But by filing an overbroad patent claim, it ran the peril that others would reasonably think it did.

## II. THE COPYRIGHT CLAIMS SURVIVE

TexasLDPC also claims to have an exclusive license to use some of Texas A&M's copyrighted code. And it alleges that Broadcom and subsidiaries have violated the copyright. According to TexasLDPC, Kiran Gunnam, the Texas A&M student who wrote the code, took a job at LSI Corp. Compl. ¶¶ 45, 46. (LSI was then an independent company, but Broadcom later bought it.) In 2009, Gunnam allegedly gave LSI his code, explaining that it was copyrighted. *Id.* ¶ 48. LSI tried to get a license for the code from Texas A&M, but when the negotiations fell through, it allegedly used the

3

code anyway. *Id.* ¶¶ 49–51. According to TexasLDPC, LSI ordered its employees to copy the code line by line, with only cosmetic changes. *Id.* ¶ 51.

These allegations plausibly state copyright infringement—*in 2009*. But the statute of limitations for infringement is three years. TexasLDPC sued in 2018, so it will need to prove that there was still infringement in 2015. Yet it has no specific evidence of that. It says only that "[u]pon information and belief," the copying continued. *Id.* In other words, it has a hunch.

Even so, TexasLDPC has pleaded just enough to press on. It does not yet need to prove that there was actionable infringement; it need only support a reasonable inference of that. It has. If the complaint is right, then in 2009, LSI illegally copied code it did not own. LSI presumably did that because the code had commercial value. That value plausibly did not vanish right after LSI used the code the first time. So if TexasLDPC is right, there is a reasonable chance that LSI kept using the code for several more years. Since using the code requires copying it (Compl. ¶ 51), TexasLDPC has plausibly alleged that there was copying during the limitations period.

Broadcom argues that even if TexasLDPC has plausibly alleged copying by *LSI*, it has not plausibly alleged copying by LSI's parent *Broadcom*. But the copyrighted code is plausibly relevant to some Broadcom products. *See, e.g.*, Compl. ¶ 105. And a company might plausibly take relevant code from its subsidiary. Since TexasLDPC has plausibly alleged that LSI copied the code as late as 2015, it also has plausibly alleged copying in 2015 by Broadcom.

4

Broadcom makes another distressing claim: TexasLDPC is owned by Gunnam and his wife. That is, TexasLDPC is suing for infringement its owner instigated. If Broadcom is right, it may have a compelling equitable defense to this case, like unclean hands. TexasLDPC will need to explain why the complaint omitted the crucial detail that the main character is also the plaintiff. But while Broadcom's revelation is distressing, it does not affect the complaint's facial plausibility. So I will deny the motion to dismiss.