

Fish & Richardson P.C.
222 Delaware Avenue
17th Floor
P.O. Box 1114
Wilmington, DE 19899-1114

302 652 5070 main
302 652 0607 fax

April 1, 2021

**VIA ELECTRONIC FILING**

Warren K. Mabey, Jr.
Principal
mabey@fr.com
302 778 8456  direct

The Honorable Stephanos Bibas
18614 U.S. Courthouse
601 Market Street
Philadelphia, PA  19106

Re: *TexasLDPC Inc. v. Broadcom Inc. et al.,* C.A. No. 18-cv-01966-SB

Dear Judge Bibas:

Pursuant to D.I. 61, TexasLDPC identifies the following issues it wishes to discuss with the Court at the status conference:

**1.    Rule 16 and Rule 26(f) Conferences**

This matter has been pending since December 12, 2018 and is ripe to proceed to discovery and the merits. TexasLDPC has reached out to Defendants on multiple occasions pursuant to Rule 26(f). Counsel for TexasLDPC emailed counsel for Defendants multiple times, sent a proposed schedule and protective order, and sought a teleconference to discuss. Defendants have simply refused to engage with TexasLDPC while their motion to dismiss was pending. Defendants' challenges to the second amended complaint have now all been denied. TexasLDPC asks the Court to direct the parties to meet and confer pursuant to Rule 26(f) and to propose a case schedule to the Court (consistent with the Delaware local and ESI rules).

As part of the Rule 26 process, TexasLDPC also seeks guidance from the Court regarding (1) whether this Court intends for the parties to use Judge Andrews' form scheduling order or some other schedule; and (2) the manner to present disputes regarding the proposed scheduling order, ESI and discovery limits, and protective order provisions.

**2.    Deny Defendants' Attempts at Further Delay**

TexasLDPC understands from opposing counsel that Defendants intend to seek to further delay the case schedule based on their already rejected standing argument. While Defendants seek to frame this issue as a "threshold" challenge to TexasLDPC's ability to assert the patents, this threshold has already been considered and rejected by Judge Andrews. Of course, if Defendants do sufficiently plead a defense to TexasLDPC's so-called statutory standing and discovery does not dispossess Defendants' of their incorrect view of TexasLDPC's rights, Defendants can re-raise their challenge in due course. *Antennasys, Inc. v. Aqyr Technologies, Inc*., 976 F.3d 1374, 1378-79 (Fed. Cir. 2020), relied on by Defendants in their D.I. 57 letter, does not require otherwise. The



*Antennasys* Court stated, at 1378, that whether the plaintiff meets the statutory standing requirement is a threshold question that "the district court must resolve before reaching the district court's claim construction and summary judgment rulings." Judge Andrews already resolved the standing question at this initial stage by denying Defendants' earlier motion. Precedent merely requires that the Court consider standing arguments early – which it did over a year ago. The Court need not (and should not) upend the standards for granting a motion to dismiss or further delay this already long-delayed case to litigate piecemeal this as-of-yet unpleaded defense.

To the extent that Defendant argue they have additional evidence that they previously lacked or did not submit, Defendants can raise it in due course. It would be manifestly unfair to permit Defendants to now raise evidence that they have had for months or years as an attempt to delay the proceeding.

TexasLDPC has waited over two years so far for its day in court, and respectfully asks the Court to deny further attempts at delay.


Sincerely,

*[signature]*

Warren K. Mabey Jr.

cc: All Counsel of Record – via e-mail.