# MORRIS, NICHOLS, ARSHT & TUNNELL LLP

1201 NORTH MARKET STREET
P.O. BOX 1347
WILMINGTON, DELAWARE 19899-1347
(302) 658-9200
(302) 658-3989 FAX

JEREMY A. TIGAN
jtigan@morrisnichols.com

April 1, 2021

The Honorable Stephanos Bibas *VIA ELECTRONIC FILING*
U.S. Court of Appeals for the Third Circuit
James A. Byrne United States Courthouse
601 Market Street
Philadelphia, PA  19106

      Re:    *TexasLDPC Inc. v. Broadcom Inc., et al.*,
              C.A. No. 18-1966 (RGA)

Dear Judge Bibas,

      Defendants Broadcom, Inc., LSI Corp., and Avago Technologies U.S., Inc. write in response to the Court's order of March 22, 2021 (D.I. 61), to identify the issues Defendants seek to address at the upcoming status conference, which Defendants submit should be the focus of the parties' initial efforts in this case, before Defendants are forced to spend millions of dollars defending against Plaintiff TexasLDPC's highly flawed claims.

      This case is unique for several reasons, one of which the Court highlighted in its March 22, 2021, memorandum opinion (D.I. 60), *i.e.*, Defendants' compelling equitable defenses, which would provide a complete defense to Plaintiff's allegations, and can be proven with only limited discovery given the following facts that are not seriously in dispute:  Kiran Gunnam was hired by LSI to develop certain technology for LSI's hard disk drive semiconductor products.  As a named inventor and author of the allegedly infringed Texas A&M University ("TAMU") IP rights, he was uniquely in possession of knowledge and control as to whether the technology he developed for LSI's products interfered with such rights, and in fact was assisting TAMU in securing and shaping those rights while working for LSI.  After being paid hundreds of thousands of dollars by LSI for his work over the course of several years, he then left LSI, formed a licensing company with his wife, and struck a deal with TAMU in order to use those rights to seek additional payment from Broadcom for his work, orders of magnitude greater than the amounts already received.  This unique set of facts make this case unlike a typical patent case, and warrants an approach that facilitates a judicially efficient and cost-effective resolution.[1]

---

[1] Dr. Gunnam's conduct also violated the Employee Invention and Confidential Information Agreement he executed when he joined LSI, because the infringement allegations in this case are based on LSI confidential information that he improperly shared with his wife and Plaintiff, which then used such information to bring this case.  That violation is the subject of a separate lawsuit pending in California state court against Gunnam and his wife.  The action has been

The Honorable Stephanos Bibas
April 1, 2021
Page 2

Additionally, and as noted in Defendants' March 8, 2021, letter (D.I. 57), important threshold issues include whether: i) TexasLDPC has the statutory right to assert the patents, given that it is admittedly not the "patentee, his heirs or assigns," which are the only entities vested with "the right to exclude others from making, using, offering for sale, or selling [an] invention" pursuant to 35 U.S.C. §154(a); and ii) the claims can proceed in the absence of the patentee (TAMU) as a plaintiff.  TAMU's apparent refusal to join as a plaintiff is significant, because as a sovereign entity, it cannot be compelled to join. *Gensetix, Inc., v. Board of Regents of the Univ. of Texas Sys.*, 966 F.3d 1316, 1324  (Fed. Cir. 2020).  Moreover, "whether [Plaintiff] meets the[] statutory prerequisites for bringing an infringement claim is a threshold question that . . . the district court must resolve before" addressing the merits of the infringement claims. *Antennasys, Inc. v. Aqyr Techs., Inc.*, 976 F.3d 1374, 1378-79 (Fed. Cir. 2020).

The core facts set forth above also support a strong defense of legal estoppel to Plaintiff's assertion of the TAMU IP rights against Defendants, that Defendants submit should be addressed by the Court in parallel with the TAMU standing and required party analysis.  *E.g., AMP v, United States*, 389 F.2d 448, 451, 182 Ct. Cl. 86 (Ct. Cl. 1968).

Defendants further submit that they – and the Court – should now receive answers to important questions long ago posed to Plaintiff's counsel that impact the integrity of the judicial process they invoked by filing the complaint.  Specifically, the date(s) on which, the source(s) from which, and the person(s) by which LSI's confidential information relied upon in TexasLDPC's complaint were obtained by counsel, and the reasons counsel did not contact Defendants about having received access to such information at that time.  There is no reasonable dispute that the trove of LSI documents that happened to be located by TexasLDPC just days after they were surreptitiously posted to the Internet, were clearly posted without LSI's authorization.  Indeed, the vast majority -- including documents authored by Gunnam himself -- are conspicuously marked "Confidential," "LSI Confidential," "Proprietary Internal Use Only," and the like. In this regard, "[f]ederal courts have authority to remedy litigation practices that threaten judicial integrity and the adversary processes," and "[s]uch inherent authority includes the ability to exclude 'proprietary' documents obtained. . . outside the context of formal discovery") *S.E.C. v. Brady*, 238 F.R.D. 429, 445 (N.D. Tex. 2006).  Defendants respectfully submit that the Court should now compel Plaintiff's counsel to provide answers to these questions, so that the Court can promptly determine if the integrity of the judicial process has been compromised, and if so fashion an appropriate remedy.

Given the unique – and troubling – facts of this case, Defendants submit that the Court should exercise its broad discretion, and adopt a case management plan that prioritizes these threshold matters.  Defendants look forward to further addressing these issues with the Court at the upcoming status conference.

---

stalled by the defendants' and third parties' – all of whom are represented by the same attorneys representing TexasLDPC -- refusal to provide requested discovery.  But just last weekend, Judge Socrates Manoukian of the California Superior Court for Santa Clara County granted LSI's motion to compel, ordering responses to document requests and interrogatories by the defendants, the depositions of key third parties in May 2021, as well as awarding LSI $3,500 in sanctions.

The Honorable Stephanos Bibas
April 1, 2021
Page 3

         Respectfully,

         /s/ Jeremy A. Tigan

         Jeremy A. Tigan (#5239)

JAT/rs
cc:  All Counsel of Record (*by electronic mail*)