IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TEXASLDPC INC.,<br><br>            Plaintiff,<br><br>   v.<br><br>BROADCOM INC., LSI CORPORATION,<br>AVAGO TECHNOLOGIES U.S. INC.,<br><br>            Defendants. | C.A. No. 18-1966-SB |

**SPECIAL MASTER MEMORANDUM REGARDING
<u>PLAINTIFF'S THIRD DISCOVERY DISPUTE</u>**

On May 19, 2022, Plaintiff filed a motion to compel Defendants to produce core technical documents pursuant to Delaware Default Standard Discovery ¶ 4(b) (hereinafter "Plaintiff's May 19 Motion"). In support of its motion, Plaintiff served its letter brief and associated exhibits on me and Defendants.

The next day, on May 20, 2022, during a videoconference hearing regarding a different discovery dispute, Defendants' counsel stated that Plaintiff's May 19 Motion was "a red herring because they didn't meet and confer with us" as required by Delaware Local Rule 7.1.1. I told counsel that I had not yet reviewed that motion.

Hearing nothing more from Defendants regarding their "red herring," on May 25, 2022, I emailed counsel and asked if Defendants planned to respond to Plaintiff's May 19 Motion by May 26, 2022, as required by the Stipulation and Order Relating to the Procedures for Resolving Disputes (D.I. 238). Defendants responded by requesting that I allow the parties two weeks to meet and confer regarding the issues discussed in Plaintiff's May 19 Motion. I declined

Defendants' request and scheduled a teleconference for later the same afternoon to discuss the requested delay.

> At the end of the teleconference hearing, I ordered the following:
>
> > Here's what we're going to do:
> >
> > I'd like to see defendants' response to plaintiff's motion on time tomorrow.
> >
> > [S]o that there's not going to be a technical reason for any kind of going to the Court about this, I want the parties to meet and confer regarding this dispute sometime between this Friday and Wednesday, June 1st, next week. It would have been earlier except that this is a holiday weekend. I'm not going to tell you how many times or for how long you have to meet, but it has to include Delaware counsel. Whatever the outcome of that meet and confer session is, I want one email that both parties jointly draft that informs me if the dispute is resolved or if the dispute is partially resolved or if there's been no resolution of the dispute. And I'd like that email to be sent to me by 2:00 p.m. on June 1st.

On June 1, 2022, the parties forwarded an email stating that they had conferred regarding Plaintiff's May 19 Motion as ordered. The parties stated that "Defendants are diligently gathering the requested materials (to the extent such documents exist and are located after a reasonable search), and expect to substantially complete this investigation and produce the requested materials by Monday, June 13." As a result, Plaintiff withdrew its May 19 Motion without prejudice to renew its motion for a hearing on the matter if Defendants' production is not as expected. In addition, Defendants reserved their right to oppose any such motion.

I accepted the parties' proposals and cancelled the hearing scheduled to discuss Plaintiff's May 19 Motion.

In order to avoid any concern regarding a party's adherence to the requirements of Local Rule 7.1.1 in the future, I amended the Stipulation and Order Relating to the Procedures for Resolving Disputes (D.I. 238) on June 6, 2022, via email to counsel. From now on, within one

(1) business day of a motion for a discovery hearing, the Responding Party must inform me (by email) if it believes that Requesting Party's D. Del. L.R. 7.1.1 certification is in error. This will trigger the scheduling of a teleconference to determine steps forward.

Dated June 8, 2022 */s/ Helena C. Rychlicki*
Helena C. Rychlicki, Special Master