IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

TexasLDPC Inc.,

    *Plaintiff / Counter-Defendant*,

v.

BROADCOM INC.; LSI CORP.; AVAGO TECHNOLOGIES U.S. INC.

    *Defendants / Counter-Plaintiff*.

No. 1:18-cv-1966-SB

FILED UNDER SEAL

Gregory Robert Booker, Warren K. Mabey, Jr., Fish & Richardson, P.C., Wilmington, Delaware; Lawrence K. Kolodney, Fish & Richardson, P.C., Boston, Massachusetts; David M. Hoffman, Fish & Richardson, P.C., Austin, Texas; Bret T. Winterle, Fish & Richardson, P.C., Dallas, Texas; Michael R. Headley, Rodeen Talebi, Fish & Richardson, P.C., Redwood City, California.

*Counsel for Plaintiffs.*

Adam Wyatt Poff, Robert M. Vrana, Young, Conaway, Stargatt & Taylor LLP, Wilmington, Delaware; Steven J. Rizzi, McKool Smith, New York, New York; Ramy E. Hanna, McKool Smith, Houston, Texas.

*Counsel for Defendants.*

**MEMORANDUM OPINION**

August 12, 2022

BIBAS, *Circuit Judge*, sitting by designation.

TexasLDPC filed a third amended complaint. D.I. 247. When Defendants answered, they added some new counterclaims and affirmative defenses. D.I. 256. Now TexasLDPC wants me to strike some of those and dismiss others. D.I. 276–77. I grant its motion to strike in part but deny its motion to dismiss in full.

### I. I GRANT IN PART THE MOTION TO STRIKE

I can strike "an insufficient defense or any redundant, immaterial, [or] impertinent … matter." Fed. R. Civ. P. 12(f). Still, motions to strike are "disfavored and ordinarily … denied unless" the challenged allegations are irrelevant or may prejudice the non-movant. *Sun Microsystems, Inc. v. Versata Enters., Inc.*, 630 F. Supp. 2d 395, 402 (D. Del. 2009) (internal quotation marks omitted).

TexasLDPC tries to strike several counterclaims and affirmative defenses. It partly fails. Much of the challenged content is relevant and does not have a clearly prejudicial effect. But three affirmative defenses are redundant and prejudicial. So I grant the motion to strike those three and reject the rest.

#### A. Defendants may keep most of their answer

1. *Defendants' 14th affirmative defense for failure to join a required party*. Defendants say TexasLDPC should have joined Texas A&M. D.I. 256, at 56. TexasLDPC urges me to strike this defense because I had ruled that the case could continue without the school. D.I. 148, at 5. But that decision was based on an assessment of the case at that time. *Id.* Courts may always revisit joinder later. *Mediterranean Shipping Co. (USA) Inc. v. Shandex Corp.*, 2017 WL 1129593, at *3 (D.N.J. Mar. 23, 2017). TexasLDPC has not shown that it has been harmed otherwise, so I leave this defense

alone.

2. *Defendants' 12th and 15th affirmative defenses and 13th and 14th counterclaims against TexasLDPC*. Defendants allege facts that may invalidate TexasLDPC's copyright registrations, so they are relevant here. Those charges relate to TexasLDPC's copyright claim and, Defendants say, are "grounded in facts learned in discovery." D.I. 291, at 3. Thus, it is fair to for Defendants to bring them now. Besides, TexasLDPC does not explain how it is prejudiced. So these charges remain.

3. *Defendants' 15th and 16th counterclaims*. Defendants claim that TexasLDPC led Dr. Gunnam to breach his employment agreement with them. TexasLDPC responds that Defendants know those facts from the California case and dragged their feet in alleging them here. D.I. 276-2, at 2. But Defendants offer specific examples of new facts they have learned in discovery. D.I. 291, at 3. Those facts are relevant here and do not unduly prejudice TexasLDPC. So I will not strike these counterclaims. Just as I gave TexasLDPC the chance to amend based on new information, I can give Defendants that opportunity to change their counterclaims here. D.I. 242, at 1.

4. *Defendants' counterclaims 1–14 against Texas A&M University System*. I deny as moot this part of the motion because the parties have agreed to dismiss these claims without prejudice. D.I. 313.

**B. But I will grant the motion in part**

TexasLDPC is not fully out of luck. I will strike three other parts of Defendants' answer without prejudice.

1. *Defendants' 3rd and 4th affirmative defenses*. Defendants say that their conduct

may have been "expressly or impliedly licensed" and that TexasLDPC's employee assigned his rights away in his employment contract. D.I. 256, at 39–40. But I have already ruled that Defendants have no implied license. D.I. 148, at 8–10. And I have ruled that the employee's contract expressly excluded that work. *Id.* at 9. Those rulings are law of the case, and TexasLDPC need not relitigate them. *David B. Lilly Co. v. Fisher*, 799 F. Supp. 1562, 1566 (D. Del. 1992). So I strike these two defenses as "redundant" and wasteful. Fed. R. Civ. P. 12(f).

2. *Defendants' 13th affirmative defense.* Defendants say that TexasLDPC lacks standing. D.I. 256, at 56. But again, this Court has already ruled to the contrary. D.I. 39, at 6; D.I. 40, at 6. So TexasLDPC does not have to rehash that issue either.

## II. I Deny the Motion to Dismiss

I decide a motion to dismiss a counterclaim as I would decide one for a complaint. *Shamrock Holdings, Inc. v. Arenson*, 456 F. Supp. 2d 599, 605 (D. Del. 2006). So I accept Defendants' well-pled facts and draw inferences in their favor. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

TexasLDPC says that four of Defendants' counterclaims fail to state a claim. I disagree, so all survive.

### A. Three counterclaims live on

1. *Defendants' 13th counterclaim against TexasLDPC.* I dismissed this counterclaim against Texas A&M University System. D.I. 313. So I deny as moot that part of this motion as it relates to the school.

Still, Defendants want a declaratory judgment that the copyright TexasLDPC

4

hopes to enforce is invalid and unenforceable because of "fraud on the Copyright Office." D.I. 256, at 75. They say that Texas A&M made "material misrepresentations" on its registration, thus "fail[ing] to comply with [registration] regulations." *Id*. Though the school is not party to this case, those allegations matter to TexasLDPC because it has the exclusive right to sue for copyright infringement. D.I. 148, at 3. TexasLDPC says that this claim cannot satisfy the Rule 9(b) pleading standard. D.I. 278, at 4. Not so.

Defendants must show that the school's copyright application, on which the Copyright Office relied, was intentionally inaccurate. 17 U.S.C. § 411(b)(1); *Whimsicality, Inc. v. Rubie's Costume Co.*, 891 F.2d 452, 455 (2d Cir. 1989) ("The presumption [of validity] may be overcome … by proof of deliberate misrepresentation."). The parties dispute whether Rule 9(b) applies to this counterclaim. No matter: even if that steeper pleading standard applies, the 13th counterclaim survives it.

Under Rule 9(b), Defendants must plead the "date, time, or place, *or* … [offer] some [other] means of injecting precision and some measure of substantiation." *Bd. of Trs. of Teamsters Loc. 863 Pension Fund v. Foodtown, Inc.*, 296 F.3d 164, 172 n.10 (3d Cir. 2002). They do.

Defendants charge that university officials lied on the copyright registrations when they identified the university as the sole author of the work. D.I. 298, at 8–10. For instance, they point to time-stamped emails suggesting that the inventor made the work at times when he was employed by two other companies. *Id*. at 8. So, Defendants say, those companies should be listed on the application as authors too. *Id*.

5

Those allegations put TexasLDPC on notice of the alleged misconduct. *Foodtown*, 296 F.3d at 172 n.10. Defendants thus clear Rule 9(b).

Pushing back, TexasLDPC says that Defendants still need to show that this omission was willful, not an "innocent mistake." D.I. 304, at 4 (quoting *Yurman Design, Inc. v. Chaindom Enters.*, 2002 WL 31358991, at *4 (S.D.N.Y. Sept. 30, 2002)); D.I. 278, at 5. Though Defendants' allegations on this point are sparse, they have pled enough to survive this motion to dismiss.

Defendants identify a motive: the school needed "sole ownership" of the copyrights to license them to TexasLDPC, so it could sue for infringement. D.I. 256, at 58–59; D.I. 148, at 3–4. And they undercut TexasLDPC's mistake theory too: the school was Dr. Gunnam's employer, so it knew when and for whom he was an employee. D.I. 256, at 57. Plus, Defendants say, TexasLDPC and the school agreed that TexasLDPC would not "su[e] [one of the other employers] on the copyrights, despite the lack of a copyright license to [that employer]." *Id.* at 58. Taken in Defendants' favor, this suggests that TexasLDPC suspected the employer may have had a claim to these inventions too. So Defendants plausibly allege that any misrepresentation was intentional.

But wait, TexasLDPC says. Many of Defendants' allegations are based on the conduct of a non-party: Dr. Gunnam. *See, e.g.*, D.I. 256, at 58–59. True enough. But Defendants plead that Dr. Gunnam "act[ed] in concert" with the school and point to specific behavior by school representatives. *Id.* at 58. And though the school is not a party to this case either, this conduct threatens the validity of the copyright at the heart of TexasLDPC's case. So if it is invalid, TexasLDPC's copyright claim falls

6

apart. Defendants thus plead enough to survive for now.

*2. Defendants' 14th counterclaim.* Defendants say TexasLDPC is blaming them for the results of its own misconduct. D.I. 256, at 75–76. So I should declare the patents and copyrights unenforceable against them. *Id.* TexasLDPC urges me to dismiss this claim as redundant of Defendants' affirmative defense of unclean hands and as a legally deficient. D.I. 278, at 6. I decline TexasLDPC's demand.

Mere redundancy within a pleading is not a problem. Defendants may repeat an affirmative defense in a declaratory-judgment counterclaim. *See Bd. of Trs. of the Leland Stanford Junior Univ. v. Roche Molecular Sys., Inc.*, 583 F.3d 832, 840 (Fed. Cir. 2009). That makes sense. If a plaintiff's claims fail, mooting the affirmative defense, a court can still reach the issue on the counterclaim.

Nor does TexasLDPC persuade me this declaratory-judgment counterclaim fails as a matter of law. True, courts disagree whether "unclean hands" can support a declaration that a patent is unenforceable. *Compare In re Gabapentin Patent Litig.*, 649 F. Supp. 2d 340, 348 (D.N.J. 2009) (concluding it cannot), *and Kimberly-Clark Worldwide, Inc. v. Cardinal Health 200, LLC*, 2012 U.S. Dist. LEXIS 104983, at *2–3 (D. Del. Jul. 27, 2012) (same), *with The Meds. Co. v. Teva Parenteral Meds., Inc.*, 2011 WL 13141923, at *1 n.2 (D. Del. Oct. 6, 2011) (denying motion to dismiss or strike unclean hands counterclaim).

Still, I will not stop Defendants from demanding a declaratory judgment about the unclean-hands doctrine. In my view, I may grant such relief. *See Qualcomm Inc. v. Broadcom Corp.*, 548 F.3d 1004, 1025–26 (Fed. Cir. 2008) ("[A] district court may …

7

order patents unenforceable as a result of [misconduct] as long as the scope of the … remedy is properly limited in relation to [that misconduct]."); *see also Aptix Corp. v. Quickturn Design Sys., Inc.*, 269 F.3d 1369, 1377 (Fed. Cir. 2001) ("[I]f [Plaintiff] had procured its patent by inequitable conduct before the [Patent and Trademark Office], the trial court would have full discretion to declare the … patent unenforceable."). Here, Defendants limit their remedy to unenforceability "as to Defendants and their affiliates," not against the world. D.I. 256 ¶ 108. So they can bring this counterclaim.

Next, TexasLDPC says that the counterclaim fails Rule 9(b) pleading. Again, I need not decide whether Rule 9(b) applies: this claim lives on either way. Defendants seek an unenforceability remedy based on some of the same conduct underlying their 13th counterclaim. And, as discussed, those allegations are precise enough to survive Rule 9(b).

Plus, the Defendants point to other conduct—specific instances of Dr. Gunnam's alleged improprieties—that is just as detailed. *See* D.I. 304, at 5 (listing examples).

TexasLDPC again retorts that Dr. Gunnam is not a party, so his misconduct is "irrelevant." D.I. 278, at 10. Yet here, Defendants allege that Dr. Gunnam was TexasLDPC's agent, so his behavior can be impugned to it even as a non-employee. D.I. 298, at 14. For instance, Defendants explain that Dr. Gunnam acted on TexasLDPC's behalf to set up the entity, communicate with the school, and get a license to his patented invention. *See also* D.I. 256, at 40–43 (alleging that Dr. Gunnam was TexasLDPC's agent). And the alleged misconduct happened as part of that activity. *See id.* So Defendants have plausibly pled this claim.

*3. Defendants' 15th and 16th counterclaims.* Defendants accuse TexasLDPC of inducing Dr. Gunnam to breach his employment contract with Defendant LSI. D.I. 256, at 76–78. But, TexasLDPC says, LSI has already charged TexasLDPC's CEO (and Dr. Gunnam's wife) with the same misconduct in a California lawsuit. D.I. 278, at 10–11. So, TexasLDPC urges, I must dismiss those claims under the claim-splitting doctrine. *Hebert v. MudTECH Servs.*, 2015 WL 5602669, at *4–6 (W.D. Pa. Sept. 23, 2015).

I will not. That doctrine bars two separate actions against the same defendant. *Walton v. Eaton Corp.*, 563 F.2d 66, 70 (3d Cir. 1977). But the defendants here are different. So the doctrine does not apply. TexasLDPC's citations to out-of-Circuit case law do not change that outcome. *See, e.g.*, D.I. 304, at 7–8. Nor do its res-judicata rejoinders: there is no final judgment in California, thus no preclusive effect.

Besides, even if the doctrine applied, these counterclaims survive it. "[F]or jurisdictional reasons," Defendants "could not … have presented [their] claim[s] in [their] entirety" in California. D.I. 298, at 19–20 (quoting *Meding v. Hurd*, 607 F. Supp. 1088, 1098 (D. Del. 1985)). So the rule against claim splitting would not stop them from suing here.

\* \* \* \* \*

Most of Defendants' answer is both plausible and relevant, so much survives TexasLDPC's motions to strike and dismiss. But Defendants' 3rd, 4th, and 13th affirmative defenses try to rehash arguments I have already rejected. So I strike those.

9